Good morning. Judge Branche and I are delighted to welcome Judge Vinson back to the 11th Circuit. I say back because Judge Vinson sits with us from time to time. I've sat with Judge Vinson several times before, and it's always a pleasure because he hails from Pensacola, which is my original hometown. So welcome, Judge. We appreciate your help with these appeals this week. Thank you. And we have three that are scheduled this morning. First is the United States of America v. Rachel Lee Padgett. I see Mrs. Wheel is ready to go. Mr. Stuchel is here for the government. And are you ready to proceed, Ms. Wheel? May it please the Court. My name is Amy Weil. I represent Rachel Padgett. To begin with, the government breached the plea agreement in this case and agrees that it did. The only issue before the Court then is whether that is reversible error in this case. We suggest to the Court that you rely on the case United States v. Romano, which is very similar and of precedential value in this case because in that case, too, the government breached the plea agreement, and this Court found that it was plain error. Before we get to that, let's decide whether or not we have jurisdiction to hear the appeal. Yes, Your Honor. We have a motion to dismiss, which was carried with the case. We have to say about the government's motion to dismiss. As we had argued in our brief, Your Honor, this case is one in which there was a notice of appeal that was docketed in the Court. The district court referred to it as a notice of appeal in its order when it denied some of the post-trial motions that were filed by Ms. Padgett, pro se. What does it mean when the clerk's office just dockets as a notice of appeal? Does that have any significance at all? Yes. What it does is it ends up divesting the Court of Jurisdiction, sent it over to the Court of Appeals, and this Court actually looked at it and referred to it also as a notice of appeal. But the most important... We have clerks all the time that mis-docket things. Does that have any kind of significance? Well, the significance of if it were mis-docketed, the government in this case is saying it wasn't a notice of appeal. Had somebody, had either the Court or the prosecutor, somebody said to Ms. Padgett, oh, this is not a notice of appeal, you need to refile it, she would have had an opportunity. This was filed three days after the sentencing took place in this case. So she would have had an opportunity not only to have filed a timely notice of appeal, and keep in mind that Ms. Padgett never said, oh, no, this is not a notice of appeal, I don't want to do that. She was acting pro se. Her attorney had long since said he was no longer going to be representing her, and she was not represented at the time. And during the 30-day period of which she would have had, if she had missed filing it within the 10-day period, she would have had an additional 30 days to ask the Court to do it out of time. What about the form now? Doesn't the notice of appeal have to specify the party taking the appeal, designate the judgment being appealed, and name the court to which the appeal is taken? And this Court can construe liberally a pro se pleading, first of all, filed by a party. Second of all, as I had mentioned, it was sufficient enough for the Court of Appeals and the District Court. The District Court looked at it and said, no, that's a notice of appeal, I'm divested of jurisdiction, and therefore I can't rule on your pro se motion. So either the District Court should have said to her, oh, I'm not divested of jurisdiction, this isn't really a notice of appeal, you can file your motion and then rule on it, because she had asked for re-sentencing, because she herself had noticed the breach of the government's breach of the plea agreement. And if the government felt this wasn't a notice of appeal, the government has an obligation to do justice in every case, and so does the District Court. Somebody should have said to her, this is not a notice of appeal, you've got seven more days if you want to file a notice of appeal, or even if within the 30 days, file a motion. Nobody ever gave her notice of that. And that would just, as we, reliance on the case law to construe liberally, and also parties relying on a District Court reference to a motion, you have to understand that she would have had an opportunity to have filed a timely one if this one wasn't. But aren't there limits to our ability to construe these documents liberally? I mean, these are, Rule 3's dictates are jurisdictional in nature, correct? Correct, but even jurisdictional documents are construed liberally by this court, and apparently it was construed liberally by the District Court. It was the judge, not just the clerk's office, but the judge in its order who referred to this as a notice of appeal. So in terms of fairness, if... But what about the post-conviction consultation certification that was filed by her and her Not in this case, because this document, I believe, was signed by her and sent in prior to that time. It was docketed on the same day. It was done right after she was sentenced, right? It was right after the sentencing. If she had said, I don't intend to, but did anyway, it still would be a notice of appeal. She could put, or with her lawyer, say whatever and change her mind. The document that is one that would divest this court of jurisdiction and not one that she couldn't withdraw. If you think about it, that thing was entered into the day of her sentencing. How much of an opportunity did she have even to think about it? Even this so-called notice, though, said, I intend to do a writ of habeas corpus. I think what it said was, I'm unhappy with what happened to me, I'm unhappy with my attorneys, and I want to collaterally attack my sentence. You're right. It doesn't say that A collateral attack is not an appeal. A collateral attack to a lawyer, you know it's not an appeal. To a pro se litigant, I don't know what Ms. Padgett thought it was. It was docketed as a notice of appeal. She never said, no, I want to proceed collaterally. I don't want to have a notice of appeal. And had she, had somebody brought it up to her, she would have had an opportunity to correct any deficiencies. But doesn't, don't the terms that we're talking about that were in her document comport exactly with the terms of her plea waiver, which suggests she did know what the terms of her plea waiver were, that she was collaterally attacking, basing it on an ineffective assistance of counsel? Well, it doesn't mean that she didn't intend then to have this be a notice of appeal. With regard to that statement that she files, I think the court really needs to look at those statements and look at that. That is entered into immediately after sentencing without an opportunity to reflect on what, what is happening. And she, if she's saying that I don't want to appeal but she has a right to appeal, for example, nobody said to her, oh, the government breached the plea agreement. The government didn't say that. Government now agrees. But that is an issue that is brought up on direct appeal. So by filing a notice of appeal, that is the only way she can vindicate that issue before this Court on direct appeal, which is allowable even with an appeal waiver. So we are saying to this Court to liberally construe that notice and to treat that as a notice of appeal, because in this case, she filed it pro se, and that document that was filed with the district court would not be one to hinder her ability to have filed a notice of appeal. Had she said on the top of it, notice of appeal, we wouldn't be arguing about this. Well, if we're going to construe it liberally, we have to take at face value what she says. And what's obvious in her intent, she says she's going to do a collateral attack. So how can you say we can rewrite it? I'm not suggesting that you rewrite it. What I'm suggesting is that when the district court construed it as a notice of appeal and the government never said that's not a notice of appeal, and Ms. Padgett never came back and said I didn't intend to make this a notice of appeal, she did, she does, whether she realized how she was doing it and how she was proceeding, that was what she filed with the court. And that's how it was construed by the district court. And it would be manifestly unfair to her to now come back at this time, after the district court said it was a notice of appeal and I'm divested of jurisdiction. Within a period of time, she could have still had somebody brought it up to her when she filed it. As I said, she filed that three days after her sentencing. Isn't there other evidence in this case that may indicate she's attempting to play the system a little bit? I would really ‑‑ I'm glad you brought that up. Your Honor, this whole argument about her playing the system is created by the government. It is based on their argument that they made at sentencing, which tainted the district court's view of her, which you can read in the transcript, arguing, and apparently this court feels that she was playing the system. The whole argument was she had a breakdown in prison because she wanted to get a diminished capacity downward departure. She never filed a request for a diminished capacity downward departure. She never filed any request for a downward departure. Her attorney never filed one. She never argued at sentencing she should get a downward departure for diminished capacity. She had a breakdown in prison because she's bipolar and she has borderline personality disorder, and she's a very mentally ill woman, and at the time she wasn't taking her lithium because it was being crushed and she didn't trust what it is because she became untrusting of the people who were giving her these drugs. Everything in the record shows you how she does have a mental disorder. She was never playing the system. The whole play that she supposedly was doing, she never did. Neither did her lawyer. Nobody did. Nobody asked for either a variance or a departure. Do you contest that Ms. Padgett committed a crime in jail? She never had an opportunity to challenge that. She didn't know anything about it until that morning. There is something in the record about the attorney had called her the night before, but I have not been able to determine whether the prosecutor ever got in touch with her, so I don't even know whether the prosecutor knew the night before. The only evidence in the record is that morning this motion was filed and that he got it sometime before the sentencing hearing. There was no opportunity to contest whether what she did was a crime. It was called a crime the whole time at the sentencing as though she had committed a continuing crime, but how unfair is a sentencing when you never have a copy? But even if it's not a crime, I'm not aware of, is there any authority out there that a government is relieved of its obligations under a plea agreement if a defendant engages in improper conduct post-plea? No, Your Honor. What there is out there is that most U.S. attorney's offices have this in their plea agreement. Certainly the Northern District of Georgia does, and the plea agreement would say we agree to make a recommendation for acceptance of responsibility unless or as long as, whatever language, the defendant continues to manifest acceptance and might even go on to say doesn't engage in continuing criminal activity, but it has a condition in there. Well, the acceptance of responsibility guideline itself has commentary that says post-plea conduct can be used to negate this acceptance of responsibility. Absolutely, but that's not the issue. The issue is whether the government breached the plea agreement when it objected to acceptance of responsibility. They had said in the plea agreement one of the promises was, one of the few promises was, we will not object to the recommendation for acceptance of responsibility. And as long as the probation officer, the only condition, probation officer makes a recommendation, which the probation officer did and never withdrew. The probation officer never withdrew it, never objected to it. So the government agrees it was a breach. We're not even arguing. The government says, yeah, we breached the plea agreement, but what the government says in its brief is that the court declined to give her a reduction for acceptance of responsibility, not because of the government's breach, but because she engaged in post-plea criminal conduct. And there are two things on that. First of all, what the court said twice. Well, first it said, we are ruling on the government's motion, their objection. And then the court said, I'm granting or I'm sustaining the government's objection. So it was entirely based on the government's objection, number one. Number two, the government described it as criminal activity, which, as I'd said, she never had an opportunity to oppose that and to show it wasn't criminal. She wasn't engaged in criminal activity. She, in fact, was off of her lithium and it was excusable conduct. She never had any ability to bring in witnesses to say that what they're saying is either not true or exaggerated, nothing. She had no ability to contest this because she didn't know anything about it, which the guidelines and the statute, Rule 32, disallow. And number three, when the court was considering this, not only was it considering the ruling on an objection that was the breach of the plea agreement, but also it was considering a letter that was written by a co-defendant in which the government was arguing what Your Honor had brought up before. If I may finish, I see my time's out. You may finish. What the government was arguing that this letter was part of a plot, an intentional plot by her to achieve a diminished capacity reduction when she never moved for one. That was a completely false argument. Are you saying the court shouldn't have considered that? Should not consider the objection? The letter, the letter. Pardon? Are you saying the court should not have considered the letter? Correct. She never knew anything about the letter, but also the misapplication of that letter. She wrote it. Not only was it a Rule 16 violation that she had never received it, and local rules have a continuing requirement that does not stop at the time she entered her plea. In fact, this letter, it looks, it was written before she had entered her plea, so it should have been turned over. There was at least a week there before she entered her plea. The letter could have been turned over to her, but not only was it not turned over, then it was used, she was ambushed with it, and it was used to create this false picture of her trying to manipulate the court, which she never did. I mean, it wasn't even part of the facts. Does she deny she wrote the letter?  Nothing about the letter. She never had an opportunity to say anything about it because she didn't know about it. There was no evidence you were hearing? No, Your Honor. There was no, I mean, part of our argument is when the attorney was saying, wait a second, I don't have an opportunity, twice, at least twice, maybe three times, I have not had an opportunity to prepare for this that the court should have said. If you represented her in the district court, you would have moved for a continuance, but this lawyer didn't move for a continuance, right? He said. He just made a relevancy objection. Well, he made a relevancy objection, but he two or three times said, I am not prepared to respond to this. And the court should have seen that as an implicit, and I'm not sure why the court didn't see that as a problem to a fair sentencing, that how do you get a fair sentencing when it's sentencing by ambush? The court has an obligation to run a fair courtroom and to say, wait, you haven't had an opportunity to see this, you haven't seen the letter, you didn't know anything about this conduct in prison, and they're breaching, well, nobody brought up about the breach, but he did say I didn't know anything. Let's put this off to give you an opportunity to fairly respond to have a fair sentencing. Okay, and Rule 16 doesn't require the government to provide this information to the defense counsel in advance of the sentencing hearing? Rule 16 talks about trial. It doesn't talk about sentencing, but the local rules do. And there should be an obligation to turn over something you intend to use at sentencing. So what does the local rule say now? The local rule just says there's a continuing obligation to turn over discovery. It doesn't say prior to trial or prior to sentencing. The suggestion is that Rule 16 of the federal rules doesn't apply to sentencing. And if it doesn't, in the event this Court finds that it doesn't, certainly the local rule did, and obligations to a fair sentencing. In this case, it was so unfair in so many different respects. We ask the Court to reverse vacate this sentence and remand for resentencing. Thank you, Ms. Weil, and I think you've reserved some time. Yes, Your Honor. And we'll hear from the government. Mr. Stuchel. May it please the Court. Good morning, Your Honor. It's James Stuchel for the United States. There's no question this appeal is untimely. The problem is not that she filed a notice of appeal one or two days after the deadline. It's that now two — more than two years after her sentence became final, she still has not filed a valid notice of appeal. On September 14, 2016, the District Court entered the final order of judgment and conviction. Only five days later, Ms. Padgett filed two documents relevant to this issue. The first was the post-conviction consultation certification. In that document, she and her attorney attested that they had conferred. He fully explained the appellate process to her, including the requirement of filing a notice of appeal. She understood and she decided not to file an appeal. That's a direct quotation. I decided not to file an appeal. That same day, Ms. Padgett filed another document that she did not give any title to whatsoever. But it said that sometime in the future, she intended to file a collateral tax in the District Court alleging ineffective assistance by her counsel. That does not satisfy a valid notice of appeal. Not in any way. A valid notice of appeal has — The clerk docketed it as a notice of appeal. The — And Judge Hall accepted it as a notice of appeal. Ms. Padgett herself did not title it a notice of appeal. Yes, it's true. Some deputy in the clerk's office gave it that title. I don't know why. But the title of a pleading isn't dispositive, even when the party itself gives it. Did the district judge accept it as a notice of appeal? Your Honor, the District Court made that order in an entirely different context. I hope to get to that later. But after the sentence became final, her attorney, Mr. Connell, filed a motion to withdraw. And so the District Court said, there's a notice of appeal pending, so given that, I'm not going to allow you to withdraw. That right there defeats her argument that she was — that Padgett was pro se. So, yes, the District Court called it a notice of appeal, but it was not in the context of a challenge to meeting the requirements under Rule 3. No one ever raised that until I did in my motion to dismiss as soon as I got this appeal. So it's not accurate to say the District Court looked at her filing and measured it against the requirements of Rule 3 and said they match. That's not what happened at all. And anyway, that's not really the District Court's province. There are dozens of this Court's opinions in which this Court determines whether a filing meets the requirements of Rule 3. Well, didn't this Court treat it as a notice of appeal? Again, the same thing happened. This Court treated it as a notice of appeal because Mr. Connell tried to withdraw. So — but, again, that's long before I raised the issue. No one had ever contested it at that stage. I mean, I don't blame the District Court or this Court for just glancing at the docket  even though Ms. Padgett herself never called it that, and even though the intent that she expressed in the document she did file is completely contrary to a notice of appeal. It would seem the government should have tried to get this clarified at an early time. Why didn't it do that? Well, I did it as soon as I got the appeal, Your Honor. But you didn't handle it in the trial court. That's correct. So somebody in the trial court level should have said, this is not a notice of appeal. Let's get this straightened out. I'm not aware of any authority that requires one party to monitor the opposing party's filings and see whether they meet all the requirements. Well, the attorneys know the significance of a notice of appeal, though, right? I mean, the assistant U.S. attorney should know that. There's no need for the assistant U.S. attorney to even monitor that. I mean, if it's a notice of appeal, then the court's going to deal with it as such. I mean, there are dozens of opinions in this court saying that what purported to be a notice of appeal in the district court does not qualify. That's all I'm asking this court to do. And again, and again, the three requirements of a notice of appeal, the first is intent to file a direct appeal. Her filing never said anything about that. In fact, she said, I decided not to file a direct appeal. The only intent she expressed was to file a collateral attack against your attorney raising ineffective assistance. That pleading never mentioned the breach whatsoever. You can't – a collateral attack is different from a direct appeal. You can't even file a collateral attack until the direct appeal is either waived or concluded. If we can get to the merits, the government admits that it breached the plea agreement? I do. I do concede that, Your Honor. Isn't the government obligated to abide by its, you know, obligations under the plea agreement? Why couldn't the government have simply recommended a reduction for acceptance of responsibility and still bring to the attention of the court the fact that Ms. Padgett engaged in this conduct? Government could have done that, couldn't it? Your Honor, we're obligated to abide by our obligations under the plea agreement. However, we would like to bring her conduct to the attention of the court. Why couldn't the government have done that? Your Honor, you're correct. We could have. We could have done that. In fact, that's exactly what happened in Horsfall, the Horsfall case. And I've cited that. That case actually helps my position here because it shows the distinction between the breach and the reason the district court denied acceptance of responsibility. The breach here was our objection at sentencing to AOR. But the district court told us three times that the reason it denied Ms. Padgett AOR was because of the Why didn't the government provide Ms. Padgett's attorney advance notice that it was going to breach the plea agreement? Why did the government have to ambush and sandbag Ms. Padgett's attorney by surprising him with this information at the sentencing hearing? That does not seem like something the government ought to be doing in these sentencing hearings. At the sentencing hearing, the prosecutor testified that she learned about it only the day before. And at that very moment, she called defense counsel and gave him advance notice. That was as much as possible as far as the record showed. How far in advance did the government know that it was going to breach the plea agreement before the sentencing hearing? Well, actually, Your Honor, there's no evidence in the record that the prosecutor knew she was going to breach the plea agreement. I know. But how far in advance of the sentencing hearing did the government know that it was not going to abide by its obligations under the plea agreement? One day, one day, the very day, the day before the sentencing, that's when the prosecutor learned about Ms. Padgett's post-plea crime. And the prosecutor then immediately called Mr. Connell, defense counsel, and told him. So it didn't know until the day before the sentencing hearing? Yes. That's exactly what the prosecutor said at the sentencing hearing. That's what he said. But is that – how far in advance of the sentencing hearing did this conduct take place? It was about six days. The conduct took place September 7th, I believe, and the sentencing hearing was September 13th. So the court declined to give her acceptance of responsibility because she engaged in post-plea crime? That's correct. What was the crime? The crime was the state law crime of attempting to deface government property. Was she ever charged with attempting to deface government property in state court? Not to my knowledge, no. What would have happened if she'd been charged and found not guilty in state court? Could she have been denied acceptance of responsibility based on having committed a post-plea crime? Actually, that could not have happened before the sentencing hearing. I don't think that's a practical matter. But even if it did, it doesn't matter because at sentencing, the burden is preponderance of the evidence for the judge to find any facts on which he can adjust the sentence. So even if she had been acquitted under beyond reasonable doubt in state court, the judge still could have found that she committed that conduct. What was established at sentencing in the way of presentation of evidence? Wasn't there a handwriting identification done? Yes, there was, Your Honor. Who testified to the handwriting? We had a witness. We called two witnesses from the jail. They both testified about her conduct, and one of them testified that this was Ms. Padgett's handwriting. That witness said she was very familiar with it because Ms. Padgett wrote a lot. There were a whole series of problems at the jail leading up to the events of the stopping up the toilet and all the defacing of the cell. You're telling me that the government wasn't aware that that was going on until one day before sentencing? That's what the record shows. If that were incorrect, then Padgett should have objected and should have raised more of an issue about it, but she didn't. Well, she didn't because she was ambushed on the day of sentencing hearing. Again, she had one day notice, which was as early as we knew about it as far as the record shows. If she needed more time, why didn't she just object? If there were some — in the first place, the district court allowed her. She could have called Padgett. Defense counsel could have called Padgett herself. If the letter were inauthentic or inaccurate or any of allegations about her — the crime she committed in the jail cell were inaccurate, Padgett could have denied it. She could have explained it. Was the letter provided the day before to Padgett's counsel? No. The letter was provided the day of sentencing. Was the letter mentioned on the phone call? Or just — we've talked about the defacing of the cell. What was mentioned on this phone call with defense counsel? I believe it was just the defacing of the cell. So the letter was a surprise. I believe that's correct. But did — how did the information get to the assistant U.S. attorney and the court? Was it through the probation office? Yes. So the probation officer contacted the court, the judge, and the prosecutor? I believe the evidence at sentencing was the probation officer contacted only the prosecutor. Okay. Whether the probation officer actually contacted the court beyond that, I don't know. And the probation officer did not simultaneously contact defense counsel? I — there's no indication that the probation officer did that. The probation officer contacted my colleague, and my colleague contacted defense counsel that same day. When did the prosecutor receive the letter? There's no indication in the record. We know that Ms. Padgett signed the plea agreement in April. She wrote the letter May 11th, so that's three weeks later. And then at what point the prosecutor got in after that, there's no indication in the record. Was the letter actually delivered to the co-defendant? The addressee. The record does not reflect. But again, if any of this were the case, then Ms. Padgett surely could have easily testified at the sentencing hearing and said as much. She did not. The district court gave her every opportunity to do that. She did not testify. She did cross-examine our witnesses. She could have asked for more time if she could have brought out any facts contrary to the letter. In fact, that's just another reason why on plain-air review this fails, because she has — even under the more favorable abusive discretion standard, she would still have to show specific facts she could have adduced with a continuance that would have disproven the allegations. Even on appeal, she hasn't even suggested any of that. Ms. Padgett still makes much of the claim that she was mentally ill. That's the reddest of hearings. Her attorney filed a motion for a mental evaluation at the outset of this case. The magistrate judge held a hearing, and at the conclusion of that, everyone — Padgett herself, defense counsel, the prosecutor, and the magistrate judge all agreed — Well, that was for the purpose of determining whether she was competent to stand trial before she entered into a plea agreement with the government? That was for purpose of evaluating her current mental health, yes. And so everyone agreed that she was fine. She then went to the plea hearing. The district court made the same — Well, they agreed that she was mentally competent to stand trial and to enter a plea. Yes. The district court made the same finding at the plea. But we have defendants every day who have mental problems who are not to the stage of being incompetent, right? I mean, that's part of the process. We've got a lot of mental problems. Correct. She has mental problems, right? Yes. And Ms. Padgett never objected to either of those rulings in the district court. She hasn't even raised it on appeal, as an issue on appeal. Was the sentencing judge aware at the sentencing hearing, aware of the fact that she was not taking her lithium when she was in prison? Yes, he was. In fact, defense counsel specifically argued that. But we proved, however, through our witnesses, that the reason she wasn't taking lithium is because when we gave it to her as a pill, she held it in her mouth, pretended to swallow it, spit it out, and sold it to other prisoners. The jail caught her doing that. So then they began to crush her pills so she couldn't do that anymore. That's why she stopped taking lithium. That was her own volitional act. Regarding the mental health, she did raise that, actually, at sentencing. Her attorney argued in support of acceptance of responsibility against our evidence of her crime, he argued that her crime was a result of mental health. The district court rejected that argument. He then moved to sentencing, and in mitigation of sentencing, her counsel again suggested she ought to get a lower sentence because of mental health, and the district court rejected that. If there are no other questions, I respectfully ask the Court to affirm. Thank you. Thank you, counsel. Ms. Weil, you've reserved some time for rebuttal. Your Honor, I'd like to very quickly make three points. Number one, this argument that she sold her lithium in prison was just another argument that was made by the government that she had no opportunity to contest and bring in other witnesses to say that never happened, that she was ambushed by that. Number two, the government had said that she entered the plea agreement in April. It was not entered. She signed a piece of paper. That plea was not entered until a week after the letter was written, so there was no evidence in the record when the government received the letter, but presumably it could have gotten it. Well, let me make sure I understand what you're saying. There was a plea agreement signed before she wrote the letter in April. She wrote the letter in May. Right. When was the plea taken before the court? A week later. A week after what? After the letter was dated, so we don't know when the letter got it. So you're saying that the plea was actually in May? Correct, a week after the letter. And the agreement was signed in April. Correct. The plea papers, you signed the plea papers apparently early there,  and, of course, the sentencing was three months later, and even when the motion was filed, that letter wasn't submitted with it. We want to make that point. Also, we'd like the court to know. Do you know how the letter was obtained? No, Your Honor. We know that the Cecil Hill was a cooperating co-defendant. He was already cooperating at that time, so presumably when he received the letter, he was already cooperating. He turned it over. And it could have been immediately. It could have been days before. There's nothing in the record to show when. There was no hearing on it, but no opportunity to respond to it or say anything about it or even to come up with an argument against it. The third point we'd like to make is that holding on to its argument that that notice of appeal wasn't a notice of appeal should be treated by this court as invited error by the government because if the government didn't think that notice of appeal was valid, when the court referred to it as one in that order, which came out shortly after that notice of appeal was filed, that was still within the time period for the defendant to be able to file a valid notice of appeal. And when the district court referred to it as a notice of appeal and said, I'm divested of jurisdiction and was treating it, that was when the government had a responsibility. Well, I see a notice of appeal on the docket sheet. I would say, well, a notice of appeal has been filed, and I would never have an occasion to look at what it said. So wouldn't that be, I mean, just once again, a continuation of the initial error? I don't think that the government has no obligation to look at the pleadings that are filed in a case. I think the government does have an obligation to look at the pleadings that are filed in the case before it. And if during a period of time there's a pleading the government believes is insufficient and it would take away a defendant's liberty and right to contest something, I believe the government has an obligation to look at the pleading. And when the court refers to it as one and relies on it as one and acts on it as a notice of appeal, I believe the government has an obligation. Do you concede that the government, the prosecutor, did call defense counsel the day before sentencing? And if so, what was said? What do you agree was said? In the record what it shows is the prosecutor said that she talked to Mr. Connell, the defense attorney, yesterday, which is the day before the sentencing hearing. She goes on to say, We had one conversation where my position was that the guideline range was accurate and that I would not be seeking a sentence outside of the range. But late in the evening I found out about this information. I did call Mr. Connell. It doesn't say whether she spoke to him. And then she goes on to say, I also forwarded the emails from Mrs. Mercer to him and then filed the motion as soon as I could to get it drafted this morning. So there's no evidence in the record as to whether Mr. Connell knew late the night before about it. The only evidence was that he said he didn't get the letter to that day and he didn't get the motion to that day.  That's not in the record. So we don't know that. So we would suggest to the court, if I may finish, that not turning that over in the government's breach of the plea agreement, that as Your Honor, Judge Benson had mentioned earlier about in our argument that this was an issue of an objection, not to the court's finding, but the fact that the government made an objection to it, that this court, I'm certain, is well aware of the high value given to a recommendation by the government at sentencing and how deferential the court is, particularly when a recommendation is made pursuant to a plea agreement. And in this case, the recommendation was supposed to be not to object and instead, given the government's very strong argument in favor of taking away acceptance of responsibility, that was an extremely important matter that occurred before the district court and one to which there's every reason to believe when the court said, I am going to sustain that objection. None of that would have happened and she likely wouldn't have even gotten acceptance taken away from her and instead might have gotten a high end of a lower guideline, went up to lower than the 240 sentence that was imposed against her. Thank you. All right. We have your arguments. And Ms. Weil, I see that you were appointed by the court to represent Ms. Padgett and the court thanks you for your service.